## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| AMANDA HINES f/k/a AMANDA STRINGER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action, Case No.: 5:21-cv-27-TBR |
| v. ) | |
| ) | |
| AFFORDABLE DENTURES & IMPLANTS – ) | |
| KENTUCKY, PLLC f/k/a HEATH BRYAN ) | |
| COLEMAN DDS OF KENTUCKY d/b/a DDS ) | |
| DENTURES + IMPLANT SOLUTIONS OF ) | **JURY DEMAND** |
| PADUCAH KY, ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Amanda Hines, formerly known as Amanda Stringer, by and through her undersigned counsel, and for her Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky and is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*, and the Kentucky common law of defamation.

### THE PARTIES

2. Mrs. Hines is a resident of Paducah, McCracken County, Kentucky who was, at all relevant times, over forty years of age and an employee of Defendant when it was known as Heath Bryan Coleman DDS of Kentucky d/b/a DDS Dentures + Implant Solutions of Paducah, KY.

3. Defendant Affordable Dentures & Implants – Kentucky, PLLC is a Kentucky Professional Limited Liability Company, which is the successor to Heath Bryan Coleman DDS of Kentucky d/b/a DDS Dentures + Implant Solutions of Paducah, KY, with its principal office at 467 Jordan Drive, Suite 105 Paducah, KY 42001. Defendant's registered agent for service of process is CT Corporation System, which may be served at 306 West Main Street, Suite 512, Frankfort, KY 40601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mrs. Hines' federal claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, because it raises a federal question pursuant to 29 U.S.C § 1331. The Court also has supplemental jurisdiction over Mrs. Hines' state-law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mrs. Hines in McCracken County, Kentucky, which is located within this judicial district.

6. Mrs. Hines filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to her claim pursuant to the Age Discrimination in Employment Act, a copy of which is attached hereto as Exhibit A. Mrs. Hines received a Notice of Right to Sue from the EEOC with respect to her federal claim set forth below less than ninety days prior to the filing of this Complaint. A copy of Mrs. Hines' Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. In 2019, Defendant's predecessor, Heath Bryan Coleman DDS of Kentucky, opened a dental office known as DDS Dentures + Implant Solutions of Paducah, KY.

8. Defendant hired a staff of dental assistants who were mostly in their twenties and who mostly lacked training in dental assisting or legal regulations of dental practices.

9. In 2019, Defendant hired Mrs. Hines to be its first and sole Dental Hygienist.

10. Mrs. Hines is extensively experienced as both a practicing Dental Hygienist and a dental hygiene educator.

11. Defendant's Paducah facility was controlled by an office manager who ran the practice, despite the lack of adequate training in dentistry or legal regulations of dental practices.

12. Mrs. Hines was the oldest female clinical employee.

13. Mrs. Hines ended up filling many roles aside from her Dental Hygienist job, however, due to the inadequate dental knowledge within the office.

14. The young assistants went to Mrs. Hines as the most experienced employee with concerns about not being paid for mandatory training sessions the office manager required them to attend.

15. Soon thereafter, the poor work by the assistants came to the attention of the office manager, who directed Mrs. Hines to micromanage the assistants' work, including requiring them to verify to her that they had done all required tasks before clocking out.

16. Mrs. Hines required the assistants to perform all their necessary tasks, to do things the right way without taking short cuts, and to spend their time working instead of using their cell phones.

17. Mrs. Hines also notified the office manager that the Kentucky Board of Dentistry requires assistants to be certified in radiation health and safety to take x-rays and that the facility had to begin following proper safety and infection control practices, such as disposing of regulated medical waste properly instead of throwing it in a trash can.

18. Mrs. Hines set up both the medical waste disposal procedure and x-ray certification for the assistants.

19. By early 2020, the assistants grew upset with Mrs. Hines for requiring them to perform their work duties as she had been directed to do.

20. To retaliate, they showed the office manager message exchanges in which they had complained about mismanagement by the office manager and Mrs. Hines agreed with their criticisms.

21. The office manager falsely told the assistants that Mrs. Hines was not supposed to be directing their work and instructed them to complain about her.

22. The office manager told Mrs. Hines that she was "too old" to interact with the assistants.

23. Defendant then terminated Mrs. Hines but did not terminate any of the younger employees who participated in the same message exchanges.

24. Defendant then told employees falsely that Mrs. Hines had reported to work while intoxicated and pressured employees to sign statements to that effect.

25. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

26. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mrs. Hines has suffered pecuniary losses in the form of lost income and lost employment benefits as

well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

27. Mrs. Hines realleges and incorporates herein the allegations contained in Paragraphs 1 – 26.

28. As set out herein, Defendant terminated Mrs. Hines because of her age.

29. Defendant's actions alleged herein constitute discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

30. As a direct and proximate result of Defendant's adverse treatment of Mrs. Hines in violation of the Age Discrimination in Employment Act, Mrs. Hines was injured and suffered damages.

31. Mrs. Hines has sustained a loss of back pay, benefits, incidental expenses, and front pay.

32. Defendant's actions on the basis of Mrs. Hines' age were committed willfully and with knowledge that they violated the Age Discrimination in Employment Act, entitling Mrs. Hines to an award of liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT II

### VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

33. Mrs. Hines realleges and incorporates herein the allegations contained in Paragraphs 1 – 33.

34. Defendant's termination of Mrs. Hines based on her age constitutes illegal discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

35.   As a result of Defendant's conduct, Mrs. Hines suffered damages, including financial loss and emotional distress.

## COUNT III

## DEFAMATION

36.   Mrs. Hines realleges and incorporates herein the allegations contained in Paragraphs 1 – 35.

37.   Defendant published a false statement that Mrs. Hines had reported to work while intoxicated and coerced others to make similar statements.

38.   Defendant knew those statements were false.

39.   Those false statements portrayed Mrs. Hines as being unfit for her profession, constituting defamation *per se*.

40.   Alternatively, Defendant's false statements about Mrs. Hines harmed her reputation, constituting defamation *per quod*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1.   That Defendant be served and required to answer within the time prescribed by law;

2.   That a jury of eight try this case;

3.   That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation she has suffered from the date of Defendant's actions in an amount to be proven at trial;

4.   That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Defendant be ordered to pay liquidated damages equal to the amount of her lost compensation pursuant to 29 U.S.C. § 626(b) pursuant to Count I in an amount to be determined at trial;

6. That the Plaintiff be awarded compensatory damages, including damages for humiliation and emotional distress, pursuant to Counts II and III;

7. That the Court award Plaintiff punitive damages pursuant to Ky. Rev. Stat. § 411.186 pursuant to Count III;

8. That costs and discretionary costs be taxed against Defendant;

9. That costs and attorney's fees be assessed against Defendant pursuant to 29 U.S.C. §§ 626(b) & 216(b) and Ky. Rev. Stat. § 344.450;

10. That costs and discretionary costs be taxed against Defendant;

11. That Pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

12. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

13. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger,   KY BAR # 91861
                    TN BPR # 021714
                    IL ARDC # 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY  42003
Voice:  (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiff,
Amanda Hines*