UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:20-cv-00027-TBR

AMANDA HINES
f/k/a AMANDA STRINGER											PLAINTIFF

v.

AFFORDABLE DENTURES &
IMPLANTS-KENTUCKY, PLLC
f/k/a HEATH BRYAN COLEMAN
DDS OF KENTUCKY d/b/a DDS
DENTURES + IMPLANT SOLUTIONS
OF PADUCAH, KY											DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Affordable Dentures & Implants-Kentucky, PLLC f/k/a Heath Bryan Coleman DDS of Kentucky d/b/a DDS Denture + Implant Solutions of Paducah, Ky's ("DDS") Motion for Judgment on the Pleadings. [DN 12]. Plaintiff Amanda Hines f/k/a Amanda Stringer ("Hines") has responded. [DN 16]. DDS has replied. [DN 17]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that DDS's Motion for Judgment on the Pleadings [DN 12] is **DENIED**.

**I. Background**

Hines filed the present action in this Court on February 16, 2021. [DN 1]. She brought claims under the Age Discrimination in Employment Act, and the Kentucky Civil Rights Act. [*Id.* at 5]. She also brought one claim of defamation. [*Id.* at 6]. The present motion only concerns the defamation claim; therefore, the Court will focus on the facts pertaining to this claim.

Hines was hired by DDS in 2019 as a Dental Hygienist. [*Id.* at ¶ 9]. She was terminated on January 23, 2020. [DN 7-1 at PageID 30]. Hines alleges DDS falsely told employees she "reported to work while intoxicated and pressured employees to sign statements to that effect" after she was

terminated. [DN 1 at ¶ 25]. DDS argues Hines's defamation claim is time-barred because it was filed outside of the one-year statute of limitations.

## II. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court analyzes a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion for failure to state a claim. *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir.2010). Therefore, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,' "it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## III. Discussion

"Under Kentucky law, defamation and false light claims are subject to a one-year statute of limitations." *Porter v. Sergent,* 2020 WL 4495465 at *10 (E.D. Ky. Aug. 4, 2020) (citing *Papa John's Intern., Inc. v. McCoy,* 244 S.W. 3d 44, 19 (Ky. 2008)). Here, Hines alleges DDS told employees she had reported to work while intoxicated after she was terminated. She further argues the allegedly defamatory statement was made around the time she filed either her complaint with OSHA or the EEOC. The EEOC complaint was filed on May 1, 2020. [DN 1-2 at PageID 9]. If the statement was made around the time of the filing of the complaint, Hines's suit would be

timely. DDS argues Hines's argument that the statement was "likely" made around the time of filing is purely speculative.

In *Tucker v. Heaton,* Tucker was previously employed as an animal control officer and a police officer. 2015 WL 3935883 at *1 (W.D. Ky. June 26, 2015). Tucker was indicted for Abuse of Public Trust and Tampering with Public Records. *Id.* The indictment was later dismissed without prejudice. *Id.* She was then terminated from both jobs. *Id.* Tucker brought a defamation claim against defendants Heaton and Lewis. *Id.*

The court dismissed Tucker's defamation claim against Heaton. *Id.* at 6. It found Tucker's claim only consisted of "a formulaic recitation of the elements of a cause of action". *Id.* (quoting *Twombly,* 550 U.S. at 555).

> "Tucker has failed to provide any such detail regarding Heaton's alleged statements…she offers nothing of their content, when they may have been made, or to whom Heaton allegedly published them. Such claims are insufficient "to raise a right to relief above the speculative level" and will be dismissed. *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007).

*Id.* However, the court allowed Tucker's claim against Lewis to continue. "Although Tucker has not identified the audience of Lewis's purported statements, she alleges that he 'engaged in a continuing course of conduct to tell other persons things about Tucker which were not true.'" *Id.* at 7. "At this early stage of litigation, the Court is satisfied that Tucker's allegation sufficiently pleads the publication requirement." *Id.*

The defendants also argued Tucker's claim was time-barred. Tucker's complaint was silent as to when the defamatory statements were made. *Id.*

> Tucker's inexactitude does not render her complaint deficient. A plaintiff need not plead that her claim is not time-barred. To the contrary, Defendants must assert the running of the statute of limitations as an affirmative defense; they bear the burden of proving that the action is untimely. *Campbell v. Grand Trunk Western R. Co.,* 238 F. 3d 772, 775 (6th Cir. 2001). Because the Court can perceive a scenario

3

>   wherein Tucker might prove that she was defamed within the one-year limitations period, it will not dismiss her claim.

*Id.* The present case presents a similar scenario. Hines did not provide a specific date the alleged statement was made. However, she has alleged the statement was made near the time she filed claims with OSHA and the EEOC based on investigation to this point. Hines has alleged the content of the statement, when it may have been made, and to whom the statement was published. This Court can perceive a scenario where Hines's claim is not time-barred. DDS has not met its burden in proving Hines's defamation claim is barred. Therefore, the Court must deny DDS's motion and allow Hines's claim to move forward.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that DDS's Motion for Judgment on the Pleadings [DN 12] is **DENIED**.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

June 2, 2021

cc: counsel